**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA A.,<br><br>Claimant,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>Respondent. | Case No. 25 C 5809<br><br>Magistrate Judge Karyn L. Bass Ehler |

**MEMORANDUM OPINION AND ORDER**

Cynthia A.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner") denying her application for disability insurance benefits. For the reasons set forth below, the Court affirms the decision of the Commissioner.[3]

**BACKGROUND**

Claimant applied for disability insurance benefits on March 22, 2022, alleging a disability onset date beginning on February 25, 2021. (R.17). Her application was denied initially and on reconsideration after which Claimant requested a hearing before an administrative law judge ("ALJ"). *Id.* After the hearing, the ALJ issued her decision on March 27, 2024 (R.17-29), finding that Claimant became disabled on November 15, 2023, the date she turned 55 years old, but not

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). *See* [7].

before then.[4] (R.29). The Appeals Council denied Claimant's request for review (R.1-6), leaving the ALJ's decision as the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**DISCUSSION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must determine whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that, although Claimant had worked intermittently throughout the period at issue, her earnings did not qualify for substantial gainful activity, and she had not engaged in substantial gainful activity. (R.20). At step two, the ALJ found that Claimant had the following severe impairments: retinal vein occlusion with macular edema; bilateral AC joint arthritis with tendinosis; and cervical spine degenerative

[4] The onset of disability was established by Plaintiff's change in age based on the medical vocational guidelines, which direct that a person is disabled if she is limited to work at the light exertional level, is 55 years of age or older, cannot perform past relevant work, and does not have transferable skills which allow for direct entry into other work. (AR 29, referencing 20 CFR Part 404, Subpart P, Appendix 2, Rule 202.06).

disc disease. (R20). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment. (R.21-22). At step four, the ALJ determined that Claimant had the RFC to perform light work with certain limitations as follows:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no climbing ladders, ropes or scaffolds; no working around unprotected heights or unprotected dangerous moving machinery; no concentrated exposure to dusts, fumes, gases, or poor ventilation; no tasks requiring acute depth perception; occasional reaching overhead with the left (non-dominant) arm; adequate indoor lighting (such as in office, factory, retail, medical setting); no tasks requiring visual accommodation; no tasks requiring use of a computer screen; tasks requiring occasional use of near visual acuity and occasional field of vision [per DOT/SCO descriptions].

(R.22-23). Based on this RFC, the ALJ found that Claimant could not perform any past relevant work (R.27), but concluded that considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed prior to November 15, 2023. (R.28). However, because Claimant turned 55 years old on November 15, 2023 (R.29), the ALJ determined that the onset of disability was established on that date based on the medical vocational guidelines which direct that a person is disabled if she is limited to work at the light exertional level, is 55 years of age or older, cannot perform past relevant work, and does not have transferable skills which allow for direct entry into other work. (R.29) (citing 20 CFR Part 404, Subpart P, Appendix 2, Rule 202.06)). Therefore, the ALJ concluded that Claimant became disabled on November 15, 2023 and continued to be disabled through the date of the ALJ's decision on March 27, 2024. (R.29).

## ANALYSIS

Claimant asserts one argument challenging the ALJ's decision and argues that the ALJ erred because she did not obtain an updated medical opinion to review imaging studies, including some x-rays and MRIs of Claimant's shoulders and spine, that were taken after the State agency

review. Claimant's Brief [15], 4-9. Claimant asserts that the state agency physicians did not have the opportunity to review the new medical evidence relating to Claimant's shoulders and spine and, therefore, contends that the ALJ "played doctor" and improperly interpreted the results of the x-rays and MRIs herself. For the reasons discussed below, the Court is not persuaded by Claimant's argument.

The Court begins its analysis by recognizing that a district court reviews the ALJ's decision deferentially and must affirm that decision if it is supported by "[s]ubstantial evidence," *i.e.*, '"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Thorpe v. Bisignano*, 148 F.4th 432, 436 (7th Cir. 2025). When reviewing a disability decision for substantial evidence, the court cannot and will not re-weigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination. *See Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024). Even if reasonable minds could differ concerning whether the claimant is disabled, a district court nevertheless must affirm the ALJ's decision if it is adequately supported. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022).

Though the standard of review is deferential, the district court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *See Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see Warnell*, 97 F.4th at 1053. The ALJ's RFC analysis must "say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Jarnutowski*, 48 F.4th at 774.

The Court recognizes that the Seventh Circuit has "said repeatedly that an ALJ may not play doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018). However, not all new medical evidence mandates an updated medical opinion. It is not disputed that after the State agency consultants reviewed this case, Claimant submitted: (1) x-rays of the right and left shoulder and the cervical and lumbar spine that were taken on August 23, 2023 (R.1424-27); (2) a MRI of shoulder taken on November 28, 2023 (R.838-839); and (3) a MRI of the cervical spine taken on February 9, 2024 (R.1601-02). Claimant cites to some cases when courts reversed the ALJ for failure to obtain an updated medical opinion to review new medical evidence. Claimant's Brief [15], at 6-7.

However, in the Court' view, Claimant's argument distorts the medical records at issue in this case and the ALJ's decision addressing the records. It is not accurate to say that there was no medical review of the x-rays and MRIs because the record shows that Claimant's treating doctors reviewed the results. And critically, in this case, the ALJ found Claimant to be disabled as of November 15, 2023, and the MRIs that Claimant says a medical expert should have reviewed were taken *after* a finding of disability. The Court recognizes that there are cases when remand is required for case specific reasons when an ALJ erroneously interprets medical evidence that should have received further review by a medical expert. In this case, however, the Court finds that the ALJ's decision does not reflect that she "played doctor" or interpreted the records herself to come to her own medical conclusions about Claimant's impairments, and Claimant is speculating that the x-rays that were taken on August 23, 2023 (less than 3 months before Claimant was found to be disabled) or that the MRIs taken after she was found to be disabled contained any new or potentially decisive evidence that would warrant any additional RFC limitations, let alone a finding of disability.

Here, the ALJ considered the evidence and included an additional limitation based on Claimant's complaints and her own doctors' treating records. (R.25-26). There is nothing in the record other than Claimant's own speculation that the new x-rays and MRIs, which post-dated the ALJ's finding of disability, would have changed the opinions of the State agency consultants. Because this Court must review the ALJ's decision deferentially and must not re-weigh the evidence or substitute its judgment for the ALJ's determination, the Court finds that Claimant's speculation is not sufficient to warrant remand. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to criticize the ALJ's decision about her functional capacity to work." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024). Instead, a claimant "must point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Id.* "There is no error when there is 'no doctor's opinion contained in the record [that] indicated greater limitations than those found by the ALJ.'" *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) (quoting *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)).

While ALJs must resist the temptation to "play doctor" and make their own independent medical findings, they are permitted, indeed required, to weigh the evidence in deciding whether a claimant is disabled. *See Seamon v. Astrue*, 364 Fed. Appx. 243, 247 (7th Cir. 2010) ("An ALJ may not 'play doctor'" by substituting his opinion for that of a physician. The ALJ, however, is not only allowed to, but indeed must, weigh the evidence and make appropriate inferences from the record.") (internal citation omitted); *see also Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) ("RFC is a matter for the ALJ alone—not a treating or examining doctor—to decide."). In the Court's view, the ALJ's decision does not cross that line, and the record in this case contained sufficient evidence, including from the doctors who were treating Claimant the months before she was found to be disabled, for the ALJ to evaluate the medical records and Claimant's complaints.

The Court finds that the ALJ did not err by not obtaining a medical opinion to evaluate the imaging studies and tests that were performed less than three months before and, importantly, after Claimant was found to be disabled on November 15, 2023. Therefore, the Court must affirm the ALJ's decision.

## CONCLUSION

For the reasons set forth in the Court's Memorandum Opinion and Order, Claimant's Brief in Support of Motion for Summary Judgment [15] is denied, and the Commissioner's Motion for Summary Judgment [16] is granted. The Commissioner's decision is affirmed, and this case is closed.

It is so ordered.

Karyn L. Bass Ehler
United States Magistrate Judge

Dated: October 7, 2026